Ryan P. Atkinson (10673)
Scarlet R. Smith (15024)
Jack D. Smart (15737)
STRONG & HANNI
102 South 200 East, Suite 800
Salt Lake City, Utah 84111
Telephone:  (801) 532-7080
Facsimile:  (801) 596-1508
ratkinson@strongandhanni.com
ssmith@strongandhanni.com
jsmart@strongandhanni.com

Daniela LaBounty, *Pro Hac Vice*
D. Lee Roberts, *Pro Hac Vice*
WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, NV 89118
lroberts@wwhgd.com
dlabounty@wwhgd.com

*Attorneys for Defendants Quality Carriers, Inc. and Daniel Souza*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KIRA YATES, individually and with AUSTIN L. INMAN, as the Parents and Natural Guardians of L.I., a minor child;<br><br>Plaintiffs,<br><br>vs.<br><br>QUALITY CARRIERS, INC., an Illinois corporation; and DANIEL SOUZA, individually and as an employee of Quality Carriers, Inc.;<br><br>Defendants. | **DEFENDANT'S REPLY IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE PLAINTIFF'S CUMULATIVE EXPERT WITNESSES**<br><br>Civil No. 2:20-CV-00493<br><br>Judge: Robert J. Shelby<br>Magistrate Judge: Jared C. Bennett |

Defendants, Quality Carriers, Inc. and Daniel Souza, under rule 7 of the Federal Rules of Civil Procedure, submit this Reply in Support of the Motion in Limine to Exclude Plaintiff's Cumulative Experts.

## REQUESTED RELIEF

Defendants request that the Court preclude Plaintiff's experts Nelson and Herbert from offering nearly identical analysis and conclusions. The danger of unfair prejudice is significant because jurors are susceptible to being influenced by repetitive expert witnesses who offer cumulative and duplicative findings and opinions. Plaintiff's designation of repetitive experts will improperly sway the jurors and unfairly prejudice Defendants.

## ARGUMENT

Plaintiff has not disputed that Plaintiff's experts Nelson and Herbert are expected to offer cumulative testimony. Plaintiff has not disputed that the caselaw cited to by Defendants is applicable. Plaintiff has admitted that she does not know who will be called as a trial expert witness. For these reasons, the Court should order Plaintiff to disclose which expert she intends to call at trial and preclude Plaintiff from calling cumulative experts.

Plaintiff has represented that she intends to decide regarding her cumulative experts prior to trial. However, Defendants are prejudiced by Plaintiff's intended actions and filed this Motion to avoid being forced to prepare for two separate experts who will offer similar testimony. Plaintiff has admitted that her experts are duplicative. Despite her experts' reports stating similar conclusions and both experts offering similar deposition testimony, Plaintiff merely asserts that Kerry Nelson's experience in the administrative area of a large trucking company in the hiring, training, and supervision of long-haul drivers. However, Mr. Nelson's report lists conclusions

regarding Defendant Quality Carrier's failure properly train and monitor Mr. Souza and he offered deposition testimony regarding those issues as well.

Plaintiff has stated "she will decide which to call at the appropriate point in time." The appropriate time for Plaintiff to decide which expert she would like to proceed with was long before now, but at a minimum, it is now. Plaintiff should not force Defendant to prepare for two similar experts and only decide on the eve of trial. Plaintiff has designated two experts with nearly identical analysis and conclusions. Their opinions and analysis are virtually the same. Because of this, their testimony at trial will be cumulative and duplicative. The danger of unfair prejudice to Defendants is significant because jurors are susceptible to being influenced by repetitive expert witnesses. More significantly, Defendants will be forced to prepare for two experts, which is unnecessary.

## CONCLUSION

For these reasons, the Court should preclude Kerry Nelson and Paul Herbert from both testifying at trial. Plaintiff should be forced to identify which witness she intends to use by the final pre-trial hearing on April 6, 2023.

DATED this 10th day of March, 2023.

                                      STRONG & HANNI

                                      */s/ Ryan P. Atkinson*

                                      Ryan P. Atkinson
                                      Scarlet R. Smith
                                      Jack D. Smart
                                      *Attorneys for Defendants Quality Carriers, Inc. and Daniel Souza*

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of March, 2023, a true and correct copy of the foregoing **DEFENDANT'S REPLY IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE PLAINTIFF'S CUMULATIVE EXPERT WITNESSES** was served by the method indicated below, to the following:

| | | |
|---|---|---|
| Lynn C. Harris | ( X ) | Electronic Filing |
| 3325 N. University Avenue, Ste. 200 | (   ) | Email |
| Provo, Utah 84604 | (   ) | Facsimile |
| lharris@lynnharrislaw.com | (   ) | U.S. Mail, Postage Prepaid |
| *Attorneys for Plaintiff Kira Yates* | (   ) | Hand Delivery |

*/s/ Danae Lilyquist*
_____

4